# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:11cr254 |
| | ) | **Electronic Filing** |
| BALAZS TARNAI | ) | |

## MEMORANDUM AND ORDER OF COURT

On July 10, 2012, a grand jury returned a seven-count indictment charging Balazs Tarnai ("defendant") with one count of receipt of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252 (a)(2), two counts of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252 (a)(4)(B), and four counts of production of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e). Presently before the court are defendant's motions for Discovery and Inspection, Motion to Compel Notice of the Government's Intention to Use Uncharged Misconduct Evidence or Rule 404(b) Evidence, and Motion to Retain and Provide Rough Notes. For the reasons set forth below, defendant's motions for discovery and notice under Rule 404(b) each will be granted in part and denied in part, and his motion to preserve rough notes will be granted.

Defendant's motion for discovery requests: (1) all statements of defendant and the government's witnesses; (2) all statements recorded or memorialized in any format; (3) any oral statement attributable to defendant; (4) the names of all witnesses the government intends to call at trial or who have knowledge of the circumstances of the case, any statements or discussions about potential consideration offered to such witnesses or individuals which could result in

1

partiality, and any statements by such witnesses or individuals that are exculpatory, or can be used to impeach or contradict the witnesses, or tend to mitigate potential punishment; (5) any oral or written statements of any witness or person that relate to the testimony of a witness at trial; (6) any documents reflecting a criminal record of defendant; (7) all captured recordings of defendant or any witness; (8) expert witness qualifications, opinions and the bases for the expert's opinions; (9) the results or reports of scientific tests, including those performed on the computer removed from defendant's home; (10) any sworn statements or allegations not already provided that were used to support any applications to obtain search warrants; (11) disclosure and inspection of any tangible objections that are material to the defense and the separate identification of any such materials the government intends to use at trial; (12) the USPIP protocol for executing search warrants in a case of this nature; and (13) all reports by any law enforcement officials participating in the search of defendant's home. Defendant argues that disclosure of the foregoing is warranted by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), Rule 16 of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments of the United States Constitution.

     The government has filed a response acknowledging its obligations under Fed. R. Crim. P. 16, <u>Brady v. Maryland</u>, 386 U.S. 88 (1963), and the Jencks Act. It has repeatedly produced Rule 16 documents to defense counsel, shared its forensic evidence in face-to-face meetings, and made a standing offer to meet to review documents and other available evidence. It further has expressed its willingness to comply with a number of defendant's requests to the extent they seek anticipated materials falling within the scope of Rule 16. It intends to disclose all Jencks Act material one week prior to trial and indicates it is unaware of any <u>Brady</u> exculpatory

2

information. It argues that the timing of any disclosure of <u>Brady</u> impeachment material is governed by the Jencks Act and it will produce all such material when it discloses the other Jencks Act material. Beyond these areas, it asserts that defendant is not entitled to a list of the government's witnesses, the minutia of the evidence it will introduce at trial, or information outside the scope of Rule 16.

To the extent defendant's motion seeks the disclosure of statements, information and things beyond (1) that which the government has made or has agreed to make available and (2) the dictates that flow from Rule 16 and <u>Brady</u>, the motion will be denied for a number of reasons. First, the government has acknowledged its obligations under Rule 16 and indicated it has complied and will continue to comply with those obligations fully. Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial. <u>United States v. Fioravanti</u>, 412 F.2d 407, 410 (3d Cir.), <u>cert. denied</u>, 396 U.S. 837 (1969). Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession. <u>United States v. Randolph</u>, 456 F.2d 132, 136 (3d Cir.), <u>cert. denied</u>, 408 U.S. 926 (1972). In fact, in sharp contrast with these propositions, the United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." <u>United States v. Ramos</u>, 27 F.3d 65, 67-68 (3d Cir. 1994). As a general matter

3

these other areas are limited to the Jencks Act and materials available pursuant to the so-called "Brady doctrine." Id. at 68.[1]

Second, the government has no obligation to produce an outline of the evidence it will offer at trial. A defendant is not entitled to conduct a wholesale review of the government's investigation. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (there is no general constitutional right to discovery in a criminal case). Nor is a defendant entitled to obtain a list of the government's witnesses through discovery. See United States v. DePasquale, 740 F.2d 1282, 1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985). Similarly, there is no authority to support a defendant's request for the specifics of each government witness' proposed testimony. See Fioravanti, 412 F.2d at 410 (a defendant has no right to discover the minutia of the government's evidence or the manner in which it will be used). And even assuming arguendo that this court has some residual discretion to order the pretrial disclosure of the government's evidence in appropriate circumstances, the current record falls woefully short of presenting sufficient grounds to justify such an extraordinary measure.

Another area remaining in dispute concerns the potential disclosure of impeachment material. As a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jencks Act. In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the disclosure of "evidence favorable to an accused

---

[1] The Jencks Act provides that any statement or report made by a government witness which relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination. See 18 U.S.C. § 3500(b).

4

upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. The Supreme Court subsequently held that evidence which may be used to impeach the testimony of a government witness falls within the ambit of Brady when the credibility of the witness may have an effect on the jury's determination of guilt or innocence. See Giglio v. United States, 405 U.S. 150, 154 (1972); see also United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984); Ramos, 27 F.3d at 68 (Brady material includes "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir. 1992)). In United States v. Agurs, 427 U.S. 97, 107 (1976), the Supreme Court modified the Brady rule to require the government to disclose exculpatory evidence even when the defendant has not requested the information. Id. at 107; see also United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991).

The so-called Brady doctrine generally is understood as a rule of minimum fairness. United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984). It establishes a prosecutorial obligation rather than a general rule of pretrial discovery. The government thus has an obligation to produce favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial. This obligation is not to be used, however, to permit a defendant to obtain wholesale discovery of the government's principal case. See Higgs, 713 F.2d at 42; United States v. Bocra, 623 F.2d 281, 285 (3d Cir. 1980).

It is well-settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. Brady impeachment material ordinarily must

5

be disclosed "in time for its effective use at trial." Higgs, 713 F.3d at 44; United States v. Blackwell, 954 F. Supp. 944, 968 (D.N.J. 1997). A district court has general discretionary authority to order the pretrial disclosure of Brady impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice system." Government of Virgin Islands v. Martinez, 847 F.2d 125, 127 (3d Cir. 1988); Blackwell, 954 F. Supp. at 968. As to this material, the government requests leeway to turn it over when it produces its Jencks Act material, five business days prior to trial.

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials. See Starusko, 729 F.2d at 261 (citing United States ex rel. Marzeno v. Gengler, 574 F.2d 730, 739 (3d Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977)); see also United States v. Giampa, 904 F. Supp. 235, 281 (D.N.J. 1995); Blackwell, 954 F. Supp. at 968. The government's early production of Higgs-type impeachment material may well overlap with its subsequent production under the Jencks Act and provide defendant with "advanced" notice of certain witnesses the government intends to use at trial. Nevertheless, the court notes that after disclosure is made defense counsel can more fully advise his client regarding the appropriate development of the case, including consideration of any plea agreement offered by the government. In light of all of the circumstances, the government is encouraged to disclose all Brady impeachment

6

material without further delay, and in any event it will be ordered to produce all such material no later than ten business days prior to trial.[2]

Defendant also moves for timely notice of any prior bad acts the government intends to introduce pursuant to Rule 404(b). The government indicates it has already provided counsel with information it believes to be within the scope of this motion and it will continue to do so should additional information come to light. It acknowledges its responsibility to provide formal reasonable notice in accordance with the Rule.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial. Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992). Thus, the disclosure of "the general nature" of such evidence is that

---

[2] Of course, this ruling has no bearing on the government's disclosure of information that falls solely under the Jencks Act. It is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination. See United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), cert. denied, 435 U.S. 955 (1978). Although courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial. See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140. The government is encouraged to comply with the representation that it will disclose all Jenck's material not falling within the scope of other aspects of this court's order five business days prior to trial.

which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In Alex, the court ordered disclosure of Rule 404(b) evidence seven days prior to trial. In contrast, the court in United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

Finally, defendant requests an order directing the government agents and law enforcement officials involved in any aspect of this case to preserve all investigative reports and rough notes made during the course of the investigation. Defendant requests that these materials be preserved so that the court can determine whether the disclosure of such material is necessary under Brady.

In United States v. Vella, 562 F.2d 275 (3d Cir. 1977), the Third Circuit held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady ... or the Jencks Act." Id. at 276. In United States v. Ammar, 714 F.2d 238 (3d

8

Cir. 1983), the court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. Nevertheless, the court held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination of whether they should be produced." Id. at 259. The court also cautioned that "the government must be vigilant in observing its responsibility to preserve these materials because the Supreme Court has cautioned that the harmless error doctrine must be strictly applied in Jencks Act cases." Id. at 260 (citations omitted).

Defendant's request for an order requiring the government and its agents to preserve all rough notes and draft interview reports will be granted in part. Defendant is entitled to the discovery of such material only to the extent that it falls within the purview of Brady or the Jencks Act. To the extent any rough notes and investigative reports fall within these limited areas of disclosure, the government shall produce them in accordance with this memorandum and order of court. To the extent defendant seeks the production of any rough notes and investigative reports not falling within those limited areas of disclosure, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of Brady and/or the Jencks Act.

In light of the above, the following order is appropriate.

9

**ORDER OF COURT**

AND NOW, this 28th day of November, 2012, for the reasons set forth in the above memorandum, IT IS ORDERED as follows:

1) defendant's motion for discovery [40] be, and the same hereby is, granted in part. The government shall:

    a) Abide by and comply with the representations in its response to defendant's motion in a timely manner;

    b) Produce all Rule 16 and Brady exculpatory material forthwith;

    c) Produce all Brady impeachment material no later than ten business days prior to trial; and

    d) The government is encouraged to disclose its Jencks Act material at least a five business days prior to trial;

2) defendant's motion for production of evidence the government intends to use under Rule 404(b) [42] be, and the same hereby is, granted in part. Consistent with the rulings set forth in the memorandum above, the government shall provide written notice of the general nature of any prior acts of misconduct governed by Rule 404(b) which it intends to offer at least ten business days prior to trial. The motion is denied in all other aspects; and

3) defendant's motion for preservation and production of rough notes [39] be, and the same hereby is, granted in part. The government shall direct all local, state and/or federal law enforcement agents involved in the investigation and/or prosecution to preserve all rough notes and draft reports from the investigation; it shall also direct them to preserve all evidence. The government shall preserve for production at trial all notes, reports and evidence not produced directly to defendant pursuant to the orders above. The motion is denied in all other aspects.

                                                      s/ David Stewart Cercone  
                                                      David Stewart Cercone

United States District Judge

cc: Jessica Lieber Smolar, AUSA
Alexander H. Lindsay, Jr., AFPD
United States Marshal's Office

(*Via CM/ECF Electronic Mail*)